# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RENEE BELL,**

**Plaintiff,**

**-vs-**
                                    Case No.  6:05-cv-1806-Orl-31DAB

**FLORIDA HIGHWAY PATROL &
LARRY COSTANZO,**

**Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss and for More Definite

Statement (Doc. 74) filed by Defendant Florida Highway Patrol[1] ("FHP") and the response (Doc.

76) filed by the Plaintiff, Renee Bell ("Bell").

I.      **Background**

On September 17, 2007, this Court dismissed Bell's Second Amended Complaint (Doc.

54), on the ground that it failed to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Court found that the Second Amended Complaint, though slightly easier to read than its

predecessors, still failed to provide a plain statement of the relevant facts and did not show that

Bell, who is proceeding *pro se*, was entitled to any relief.  (Doc. 61).

Subsequently, the United States Court of Appeal for the Eleventh Circuit reversed the

dismissal, finding that Bell had sufficiently complied with Rule 8.  The court found that Bell had

_____

[1]It does not appear that Defendant Larry Costanzo has made an appearance in this case.

provided a short and plain statement of jurisdiction by citing to 28 U.S.C. 1343 and to Title VII.

(Doc. 69 at 4).[2]   The court also found that Bell had satisfied the requirements of Rule 8 by

alleging, under the heading of "race discrimination," that "her boss, Larry Costanzo, ordered her to

(1) enter work through the rear door of the building while white employees were allowed to use

the front door, (2) use separate restrooms from white employees, and (3) not talk to white

employees."  (Doc. 69 at 4-5).  The court found that these allegations, if proven true, could entitle

her to relief under Title VII.  (Doc. 69 at 5).  Noting that the Second Amended Complaint

contained "many confusing citations and allegations, including repeated references to the

Sarbanes-Oxley Act, criminal statutes, and the Constitution," the court remanded the case for

further proceedings, including "narrow[ing] the issues by stripping away frivolous claims and

allowing potentially meritorious claims to proceed."  (Doc. 69 at 5).

## II.    Standards

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the ...

claim is and the grounds upon which it rests." *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957).  In ruling on a motion to dismiss for failure to state a claim under Rule

12(b)(6), this Court must view the complaint in the light most favorable to the Plaintiff,.  *Scheuer*

*v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits

---

[2]The Eleventh Circuit did not cite to the portion of the Second Amended Complaint in which it found this citation.  So far as this Court can tell, Bell cited to Title II and Title III under the race discrimination section of her Second Amended Complaint but did not reference Title VII anywhere in that document.

attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### B.     Motion for more definite statement

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may request a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored under the law, and are not to be used as a substitute for discovery. *Eye Care Int'l, Inc. v. Underhill*, 92 F.Supp. 1310, 1316 (M.D.Fla. 2000).

### C.     Analysis

As noted by the Eleventh Circuit, Bell lists the following claims for relief in her Second Amended Complaint: race discrimination, defamation and retaliation. Each is addressed in turn below.

### A.     Race Discrimination

FHP contends that Bell's discrimination claims are brought under Title II, which prohibits discrimination in places of public discrimination, and argues that for numerous reasons, Bell's discrimination claim must be dismissed. However, although Bell references Title II (and Title III,

for that matter) in the race discrimination section of the Second Amended Complaint, the Eleventh Circuit has already found that Bell actually asserted a Title VII claim. This Court is bound by that determination. However, the Court of Appeals also instructed this Court to narrow the issues and to strip away frivolous claims. Thus the race discrimination claim will be dismissed without prejudice to Bell's right to reassert it by filing another amended complaint. In reasserting that claim, Bell shall delete all references to Title II and Title III.

In addition, in this and her other claims, Bell attempts to rely on a provision of the Sarbanes Oxley Act as the basis for her damages. The Sarbanes Oxley Act deals with disclosure of financial information by public companies and has no application to the instant case. In reasserting her claims, the Plaintiff must remove all references to the Sarbanes Oxley Act and claim only those damages permitted by the pertinent law – for example, Title VII, in regard to this race discrimination claim.

### B.  Defamation

FHP complains that, in asserting her defamation claim, Bell has asserted that she brought the claim pursuant to 28 U.S.C. § 1343. That section confers jurisdiction upon the federal courts to hear civil rights claims, not tort claims. However, as the Court of Appeals has already determined that the Court possesses jurisdiction over the discrimination claim pursuant to 28 U.S.C. 1343, Bell need not establish a separate basis for jurisdiction over the defamation claim. FHP also argues that, as a state agency, sovereign immunity protects it from Bell's defamation claim. Specifically, FHP argues that the state has waived its sovereign immunity from suit only as to negligent acts of its employees, rather than willful misconduct or intentional violations of the law. According to FHP, Bell has alleged that Defendant Costanzo made the allegedly defamatory

statements at issue for the purpose of making false accusations against Bell. (Doc. 74 at 4).

However, FHP does not quote or cite to the relevant passage that supports this assertion, and the

Court's review of that document has not uncovered such a passage.

FHP also complains that Bell has attempted to assert a claim for criminal libel, and has

failed to do so. However, although the term "criminal libel" is contained within the section of the

Second Amended Complaint raising the defamation claim, Bell denies any intent to assert a claim

for criminal libel. (Doc. 76 at 12). In addition, Bell seeks to recover damages for the alleged

defamation under the Sarbanes Oxley Act, which as discussed above is not relevant to this dispute.

Accordingly, Bell's defamation claim will be dismissed without prejudice to Bell's right to

reassert it. In reasserting it, Bell must delete any references to "criminal libel" or the Sarbanes

Oxley Act and shall seek only those damages available under Florida defamation law.

### C. Retaliation

Bell's third claim is for retaliation, but it is impossible to figure out what act or acts

triggered the alleged retaliation. Bell asserts that she was segregated from white employees, but

fails to specify who did this or why. She also alleges that "[r]egarding (F.M.L.A) employee

suffered forced harassment/employee terminated for taking time off/wrongful discharge cause of

action." (Doc. 54 at 7). Charitably construed, this appears to assert a claim that Bell was

retaliated against for taking leave under the Family Medical Leave Act, which would constitute a

cause of action.

However, Bell also appears to raise numerous other claims in this section of the Second

Amended Complaint, and most of these other claims do not appear to qualify as retaliation, or at

least are not obviously so. She appears to contend that she was denied her rights under the FMLA.

(Doc. 54 at 7). She alleges that she was assaulted by Costanzo. (Doc. 54 at 7). She asserts that her employer created a hostile work environment, allegedly violating a number of Constitutional Amendments (the First, Fourth, Fifth and Sixth) in the process. She also references, without explanation, the False Claims Act, the No Fear Act, and probably several others that the Court has missed. Finally, Bell again asserts a claim for damages under the Sarbanes Oxley Act.

The retaliation claim will be dismissed. Should Bell choose to reassert it, she must clearly identify the right or rights that she asserted (or attempted to assert) that led to the retaliation, and what form or forms that retaliation took. A chronology of the events at issue would likely assist the Court in reviewing the legal sufficiency of the retaliation claim. And finally, should Bell choose to reassert the retaliation claim, she must delete all references to extraneous laws such as the False Claims Act, and claim only those damages available under the underlying statute, such as the FMLA, rather than the Sarbanes Oxley Act.[3]

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss and for More Definite Statement (Doc. 74) filed by Defendant Florida Highway Patrol is **GRANTED IN PART**, as discussed above, and the Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Bell may file an amended complaint that complies with the directives outlined above on or before August 10, 2009. In

---

[3]The Court notes that FHP is arguing that it is immune from claims under the FMLA. Given the dismissal of the retaliation claim, the Court will reserve ruling on this argument.

addition to the requirements described above, any such amended complaint must comply with

Rule 10(b) of the Federal Rules of Civil Procedure, which provides that

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 21, 2009.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party