**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENEE BELL,**

            **Plaintiff,**

-vs-                                                 **Case No. 6:05-cv-1806-Orl-31DAB**

**FLORIDA HIGHWAY PATROL &**
**LARRY COSTANZO,**

            **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 91) filed by Defendant Florida Highway Patrol ("FHP") and the response (Doc. 96) filed by the Plaintiff, Renee Bell ("Bell").

### I.    Background

Bell, who is proceeding *pro se*, filed this case on December 5, 2005. (Doc. 1). On May 21, 2007, after a complicated series of events not relevant to the instant motion, and apparently before either defendant had been served, Bell filed an Amended Complaint (Doc. 44). On July 2, 2007, FHP filed a motion to dismiss the Amended Complaint (Doc. 49). Bell then filed a Second Amended Complaint (Doc. 54). On September 17, 2007, this Court dismissed Bell's Second Amended Complaint (Doc. 54) because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court found that the Second Amended Complaint, though slightly easier to read than its predecessors, still failed to provide a plain statement of the relevant facts and did not show that Bell was entitled to any relief. (Doc. 61).

Subsequently, the United States Court of Appeal for the Eleventh Circuit reversed the dismissal, finding that Bell had sufficiently complied with Rule 8. The court found that Bell had provided a short and plain statement of jurisdiction by citing to 28 U.S.C. 1343 and to Title VII. (Doc. 69 at 4). The court also found that Bell had satisfied the requirements of Rule 8 by alleging, under the heading of "race discrimination," that "her boss, Larry Costanzo, ordered her to (1) enter work through the rear door of the building while white employees were allowed to use the front door, (2) use separate restrooms from white employees, and (3) not talk to white employees." (Doc. 69 at 4-5). The court found that these allegations, if proven true, could entitle her to relief under Title VII. (Doc. 69 at 5). Noting that the Second Amended Complaint contained "many confusing citations and allegations, including repeated references to the Sarbanes-Oxley Act, criminal statutes, and the Constitution," the court remanded the case for further proceedings, including "narrow[ing] the issues by stripping away frivolous claims and allowing potentially meritorious claims to proceed." (Doc. 69 at 5).

On remand, FHP moved to dismiss and for a more definite statement. (Doc. 74). The Court granted the motion in part, dismissing the three claims (race discrimination, defamation, and retaliation) that Bell had raised in the Second Amended Complaint. The Court also directed Bell to delete all references to Title II, Title III, the Sarbanes Oxley Act, and criminal libel, as well as other extraneous laws such as the False Claims Act. Bell was ordered to claim only those damages permitted by the pertinent substantive law, such as Title VII, under which she was raising a claim or claims. (Doc. 81 at 3-6). In dismissing Bell's retaliation claim, the Court also directed her, if she chose to reassert the claim, to "clearly identify the right or rights that she asserted (or attempted to assert) that led to the retaliation, and what form or forms that retaliation took." (Doc.

81 at 6). Finally, Bell was told that any further amended complaint she filed must comply with Rule 10(b) of the Federal Rules of Civil Procedure, which provides that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

(Doc. 81 at 7).

Bell's Third Amended Complaint (Doc. 84)[1] accomplishes little of this. Most obviously, the vast majority of its paragraphs are not numbered. But the problems go far beyond this issue. For example, the Second Amended Complaint contained references to "criminal libel". In responding to the motion to dismiss that pleading, Bell denied any intent to pursue a criminal libel claim. (Doc. 76 at 12). Accordingly, she was ordered to delete any references to criminal libel from her next pleading. (Doc. 81 at 5). Despite this, the Third Amended Complaint includes a statement that Bell is asserting a claim for criminal libel. (Doc. 84 at 8).

Bell has also attempted, without the permission of the Court, to add new claims beyond the defamation, race discrimination and retaliation claims she had been given leave to replead. Buried within Bell's defamation claim, among a great deal of other extraneous material, is what appears to be a new administrative law claim.[2] (Doc. 84 at 13). Buried within Bell's racial discrimination claim is a new Americans with Disabilities Act claim. (Doc. 84 at 22-25). Bell's retaliation claim

---

[1]The document is incorrectly titled "Updated Version: Second Amended Complaint."

[2]Although the claim is difficult to interpret, it appears that Bell is claiming that FHP only had the authority to suspend her, rather than terminate her. (Doc. 84 at 13).

has a new negligent infliction of emotional distress claim tacked on, and is largely indecipherable.[3] The Third Amended Complaint also contains numerous lengthy passages (apparently lifted from other sources, such as treatises) explaining the law, and the Plaintiff spends substantial amounts of space to list items of evidence that allegedly support her case.

On the bright side, so far was the Court can discern, all references to the Sarbanes Oxley Act have been removed.[4]

---

[3]What follows, for example, is a passage from the retaliation claim, purporting to establish one of its elements:

> 2. **The Employer, was aware of the plaintiffs participation in the protected activity:**
> **CONT: RETALIATION CLAIM**
>
> Records submitted in evidence reflect that the agency was disciplining plaintiff for
> Conduct unbecoming a public employee; stemming from an incident. Where the plaintiff
> placed a call to 911, to report an incident in which the defendant (Larry Costanzo) alleged this
> wasn't an emergency; and for calling local news station, though the plaintiff was
> allowed to continue working until plaintiff was released from employment Feb. 20th 2006.
> Capt. Larry Costanzo, On Wednesday August 3rd 2005 contacted plaintiff to respond to his
> office, he sent a Co-worker to locate plaintiff. After plaintiffs arrival she was informed this
> was regarding an arrest and the termination of Capt. Sterling King a high ranking officer with
> the department who was in the midst of the arrest taking place, or it had taken place and that
> it was currently being reported on the local news stations.
>
> **\*The actions is the element of the plaintiffs prima facie case for a claim under the section**
> **704.4. The plaintiff wasn't aware of the incident, and issues relating to the arrest.**
> **The Employer had taken adverse action against the plaintiff.**

(Doc. 84 at 27) (spelling, emphasis and punctuation in original).

[4]On the other hand, in addition to the new claims described *supra*, Bell lists in her new pleading (and may be attempting to pursue claims based on): workers' compensation law, assault, intentional infliction of emotional distress, and fraud (Doc. 84 at 3); the Family Medical Leave Act, the 1st, 4th, 5th, 6th, 8th, and 13th Amendments to the United States Constitution, the Federal Tort Claims Act, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Doc. 84 at 4); false imprisonment, invasion of privacy, and a breach of the covenant of good faith and fair dealing (Doc. 84 at 5). There are almost certainly others that the Court has overlooked.

The Court recognizes that the Plaintiff is proceeding *pro se.* Accordingly, these pleadings have been reviewed with greater leniency than normal. The Court also recognizes that the Eleventh Circuit believes that somewhere within these pleadings lies a valid racial discrimination claim. And that may indeed be the case. But enough is enough. The fact that a plaintiff may have a valid legal claim does not authorize her to ignore the Federal Rule of Civil Procedure and the orders of this Court, so as to pursue that claim in any fashion that she chooses. No defendant can be expected to respond to this mess, and no Court can be expected to untangle it.

The Plaintiff will be given one final opportunity to plead her claim or claims properly. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 91) is **GRANTED IN PART**. The Third Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. On or before November 9, 2009, the Plaintiff may file a Fourth Amended Complaint. Should she choose to file a Fourth Amended Complaint, the Plaintiff must make sure that it

1) complies with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure;

2) contains no more than three claims: a defamation claim, a racial discrimination claim, and a retaliation claim;

3) does not explain the law or list the elements of the claims she is pursuing;

4) describes what happens and when, rather than listing or describing items of evidence that purport to establish what happened and when.

Failure to abide by these requirements will result in a second dismissal of this case with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 20, 2009.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party