**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENEE BELL,**

               **Plaintiff,**

-vs-                                                        **Case No. 6:05-cv-1806-Orl-31DAB**

**FLORIDA HIGHWAY PATROL &**
**LARRY COSTANZO,**

               **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Change Venue (Doc. 114) filed by the Plaintiff, Renee Bell ("Bell"). Though labeled a motion for change of venue, Bell actually seeks to have the case transferred to another court on the grounds that both the undersigned and the magistrate judge assigned to this case are "biased on behalf of defendant in this civil case." (Doc. 114 at 1). As such, the Court construes this as a motion for recusal rather than a motion for change of venue.

The United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, a judge must disqualify himself if: (1) he has a personal bias or prejudice concerning a party; (2) in private practice, he served as lawyer in the matter in controversy; (3) in private practice, a lawyer with whom he previously practiced law served during the association as a lawyer concerning the matter; or (4) he has a financial interest in the subject matter in controversy or in a party to the proceeding

or any other interest that could be substantially affected by the outcome of the proceeding. 28 U.S.C. § 455(b).

Bell offers no objective evidence supporting her contention that the judges in her case are biased in favor of the Defendant. In her motion, all she does is present the accusation. Presumably, she believes that this bias is demonstrated by a series of orders recently entered by both judges, denying motions that she filed and granting motions filed by Defendant Florida Highway Patrol. However, as the United States Supreme Court has held, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (*citing United States v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)).

Bell has failed to make any showing that recusal is warranted. Accordingly, it is hereby **ORDERED** that the Motion to Change Venue (Doc. 114) is **DENIED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 4, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party