**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENEE BELL,**

        **Plaintiff,**

-vs-                                                        Case No. 6:05-cv-1806-Orl-31DAB

**FLORIDA HIGHWAY PATROL &**
**LARRY COSTANZO,**

        **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 129) filed by Defendant Florida Highway Patrol ("FHP")[1] and the response (Doc. 133) filed by the Plaintiff, Renee Bell ("Bell").

**I.    Background**

Bell, who appears *pro se*, filed the original Complaint (Doc. 1) in this matter on December 5, 2005. Her handwritten, rambling, 13-page Complaint (Exhibit 1), which was never served, alleged that she had suffered an on-the-job injury to her wrist while working in the Defendant's communications department. (Doc. 1 at 3). She also alleged, in no particular order, that she had been harassed, discriminated against, unfairly treated, experienced pain and suffering, and been retaliated against in relation to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the

---

[1] So far as the Court can tell from the record, and despite an earlier notice to the Plaintiff regarding the issue, Larry Costanzo has not been served. Therefore, FHP is the only proper Defendant in this case.

"FMLA"), and suffered defamation, retaliation, and lost pay in relation to worker's compensation. Bell, who is African American, also made references to the race of others at her workplace, but it was not clear whether she intended to claim that her superiors had treated white employees more favorably than she was treated. For example, Bell alleged that, due to a worker's compensation injury, she lost fifteen percent of her salary "during a lateral transfer within the department at the same time another employee who was Caucasian transferred lateral". (Doc. 1 at 3). Bell provided no further explanation in regard to this assertion.

Due to a lack of funding, this Court is almost never able to provide attorneys for parties in a civil matter. However, this case was the exception to that rule. Bell sought to have the Court appoint counsel to represent her, and on December 15, 2006, her motions (Doc. 25, 26) were granted (Doc. 31). In February 2007, the two attorneys appointed to represent Bell sought an extension of time to June 4, 2007 to review Bell's claims and supporting documents, and to prepare and serve an amended complaint. (Doc. 34). The motion was granted (Doc. 35). But on April 13, 2007, the attorneys sought permission to withdraw as Bell's attorney, citing "irreconcilable differences". (Doc. 37). The motion was granted (Doc. 43), and Bell has appeared on her own behalf through the remainder of the case.

Bell filed her First Amended Complaint (Doc. 44) on May 21, 2007. This 20-page, single spaced, all-caps document (Exhibit 2) contained 16 "Claims," most of which also contained "Warrants" and "Data" that allegedly supported those claims. Some were short, but the vast majority were somewhat if not entirely indecipherable. For example, on one page, Bell listed a "CLAIM" for "RETALIATION," and below that listed "DATA: INCIDENT ORANGE COUNTY SCHOOL BOARD / ADVISED PLAINTIFF WERE NOT IN THE BUILDING." (Doc. 44 at 13).

That was it. Bell did not provide any further explanation as to what happened, such as who advised the school board of this, or what conduct of Bell's sparked this alleged instance of retaliation.

Immediately below that claim, Bell listed another, also for retaliation, below which she included the following:

- NOT ALLOWED TO RECEIVE ANY PHONE CALLS

DATA:
INCIDENT FAMILY CONTACT RECORDED LANDLINE OUT/OF STATE / CONNECTION @ PLACE OF BUSINESS

DATA:
RECORDED LANDLINE EMOTIONAL DISTRESS BY PLAINTIFFS DAUGHTER

WARRANT:
UNNECESSARY MEDICAL
SHAN'S HOSPITAL/ FLORIDA HOSPITAL
NEMOURS CHILDRENS CENTER
HEART/CARDIOLOGIST

DATA: DAUGHTER ADVISED PARENT WAS NOT IN BUILDING / MISSING

DATA: FREEDOM OF SPEECH: NOT ALLOWED TO TALK TO MY CO-WORKERS AND I HAD TO REMAIN AT MY ASSIGNED LOCATION

DATA: DISCRIMINATION BY PUBLIC ACCOMODATION: ASSISTANCE OF PERSONS AT THE ENTRANCE WINDOW. MY TRAINING WAS CHALLENGED AND I HAD TO ASSIST IN A DIFFERENT WAY.

DATA: EQUAL PAY: TRANSFERRED FROM COMMUNICATION INTO WORD PROCESSOR. MY PAY WAS ADJUSTED BY 15% (PERCENT) OVER THE CAUCASIAN EMPLOYEE(S) TRANSFERRING AT THE SAME TIME.

DATA: MARTIAL LAW WAS DECLARED ON SEVERAL INSTANCES THE FLORIDA HIGHWAY PATROL IS A QUASI-MILITARY BASED ORGANIZATION. GIVEN SEVERAL DIRECT EMERGENCY ORDERS.

(Doc. 44 at 13-14). Again, that was it. Bell did not explain who did these things, when they occurred, or what she had done (or was believed to have done) that sparked this "retaliation."

After reviewing the First Amended Complaint, the Court granted (Doc. 53) a motion to dismiss (Doc. 49) filed by Defendant Florida Highway Patrol ("FHP"). Bell was given leave to file a Second Amended Complaint. If she chose to file such a pleading, she was told, she must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that the pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Bell filed her Second Amended Complaint (Doc. 54) on August 7, 2007. A copy is attached as Exhibit 3. This pleading contained both upper and lower cases, but was still single-spaced. The pleading included 16 "Counts," split up into three areas: defamation of character, "discrimination/racial," and "retaliation". Although some of the "Counts" contained a bit more information, some remained entirely incomprehensible, and all still fell woefully short of stating a claim. As an example, the first count of Bell's retaliation section read, in its entirety, "Segregation: Removed from Caucasians, to closed confinement." (Doc. 54 at 7). The second count of the retaliation section, though containing more words, was no more illuminating. It read:

> Wrongful Termination:
> Right to present defense and show evidence on mitigation and to show contradiction with the opportunity to have removed the charges that were non/relating during an informative hearing to the agency regarding the charges made against Renee Bell. Regarding (F.M.L.A) employee suffered forced harassment/employee terminated for taking time off/wrongful discharge cause of action.

(Doc. 54 at 7). Obviously, this "Count" contains scattered words and phrases suggesting that one or another possible causes of action exists, but as it reads, it is gibberish, a quality it shares with the remainder of the pleading. The Court dismissed the Second Amended Complaint with

prejudice, noting that despite having already been ordered to comply with Rule 8, Bell had not provided a plain statement of the relevant facts or shown that she was entitled to relief.

On appeal, the Eleventh Circuit reversed, finding that, if proven, allegations by Bell that her boss had ordered her to use a rear door (while white employees used the front door), to use separate restrooms from white employees, and not to talk to white employees, would entitle her to relief under Title VII. (Doc. 69 at 4-5). The Court of Appeals also noted that "many confusing citations and allegations, including repeated references to the Sarbanes-Oxley Act, criminal statutes, and the Constitution" were "[i]nterspersed throughout" the Second Amended Complaint. (Doc. 69 at 5). The Court of Appeals also pointed out this Court's obligation to narrow the issues by stripping away frivolous claims, allowing meritorious claims to proceed." (Doc. 69 at 5).

This Court has spent the past year attempting to satisfy this obligation. After remand, FHP again moved for dismissal of the Second Amended Complaint or for a more definite statement (Doc. 74). Because the Eleventh Circuit had already found that Bell had stated a Title VII claim, this Court denied FHP's request to dismiss with prejudice her racial discrimination claim. (Doc. 81 at 3-4). However, Bell was ordered to delete the references to Title II and III found within that claim, as well as the references to the Sarbanes Oxley Act, and to claim only damages permitted by Title VII in regard to the race discrimination claim. (Doc. 81 at 4). Bell's defamation claim was also dismissed with leave to replead, and she was ordered to delete any references to criminal libel or Sarbanes Oxley, and to seek only damages available under Florida defamation law. (Doc. 81 at 4-5).

With regard to Bell's third claim, for retaliation, the Court pointed out that it was impossible to decipher the facts underlying the claim, such as who retaliated against her, or why,

and that she had mentioned statutes ranging from the FMLA to Sarbanes Oxley in the claim, making it impossible to determine the statute under which she intended to proceed. (Doc. 81 at 5-6). The claim was dismissed with leave to replead. (Doc. 81 at 6). In repleading that claim, Bell was ordered to "identify the right or rights that she asserted (or attempted to assert) that led to the retaliation, and what form or forms the retaliation took." (Doc. 81 at 6). The Court informed Bell that a chronology of events would likely prove helpful, and she was ordered to "delete all references to extraneous laws such as the False Claims Act, and claim only those damages available under the underlying statute, such as the FMLA, rather than the Sarbanes Oxley Act." (Doc. 81 at 6). Finally, as to the entire newly pleaded complaint, Bell was ordered to comply with Rule 10 of the Federal Rules of Civil Procedure, which provides that

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

On August 7, 2009, Bell filed her Third Amended Complaint[2] (Doc. 84). A copy is attached at Exhibit 4. Though still largely single-spaced, the pleading had ballooned from eight to 34 pages. Instead of being trimmed of extraneous material, her pleading now referenced six Federal laws (though some were identified descriptively, *e.g.*, "Discrimination/Racial," rather than "Title VII" or the like, and may have been intended to refer to multiple Federal laws). The Third Amended Complaint also referred to six Constitutional Amendments that had allegedly been violated, as well as state law claims for assault, intentional infliction of emotional distress, libel,

---

[2]Bell's third amended complaint was titled "Second Amended Complaint," which led to some confusion amongst the parties and the Court in referring to the document.

false imprisonment, invasion of privacy, wrongful discharge, a breach of the covenant of good faith and fair dealing, negligence, and fraud. (Doc. 84 at 4-5). There was also a reference to the Federal Tort Claims Act, and, possibly, a *Bivens* claim. (Doc. 84 at 5). And despite being ordered to delete any references to criminal libel, Bell included a statement that she was asserting a claim for criminal libel. (Doc. 84 at 8).

The remainder of the Third Amended Complaint was a random jumble of allegations, recitations, and definitions of legal terms and causes of action. At one point or another throughout the Third Amended Complaint, a series of sentences would suggest the existence of a viable cause of action. But those sentences always lacked some of the information needed to establish one or more elements of a cause of action, and they were lost within reams and reams of irrelevant material. Despite being ordered to comply with Rule 10, Bell did not bother to number her paragraphs, making it impossible for the Defendant to reply. And that rule's requirements that the paragraphs be limited "as far as practicable to a single set of circumstances" and that each claim founded on a separate transaction or occurrence be stated in a separate count were also ignored. It should go without saying that the pleading did not comply with the obligation set forth in Rule 8 to provide a short and plain statement of the claim showing the pleader is entitled to relief. As the Court put it in dismissing the Third Amended Complaint without prejudice:

> The Court recognizes that the Plaintiff is proceeding pro se. Accordingly, these pleadings have been reviewed with greater leniency than normal. The Court also recognizes that the Eleventh Circuit believes that somewhere within these pleadings lies a valid racial discrimination claim. And that may indeed be the case. But enough is enough. The fact that a plaintiff may have a valid legal claim does not authorize her to ignore the Federal Rules of Civil Procedure and the orders of this Court, so as to pursue that claim in any fashion that she chooses. No defendant can be expected to respond to this mess, and no court can be expected to untangle it.

(Doc. 110 at 5).

Bell was informed that she would be given "one final opportunity" to plead her claim or claims properly. (Doc. 110 at 5). If she chose to file a Fourth Amended Complaint, Bell was ordered to make sure that it complied with Rule 8 and Rule 10, that it contained at most three claims (defamation, racial discrimination, and retaliation), that it did not explain the law or list the elements of the claims she was pursuing, and that it describes what happened and when, rather than listing or describing items of evidence that purport to establish what happened and when. (Doc. 110 at 6). Bell appealed that order, but her appeal was denied as frivolous by the Eleventh Circuit. (Doc. 130 at 1).

Which brings us, at last, to the Fourth Amended Complaint. (Doc. 127). A copy is attached to this order as Exhibit Five. Bell filed that pleading on December 9, 2009, and FHP filed a motion to dismiss it on December 28, 2009 (Doc. 129). Bell filed a response to the motion on June 23, 2010. (Doc. 133). With Bell's appeal finally resolved, the Court may now address FHP's motion.

Despite being ordered to trim and focus her pleading, Bell has expanded her 34-page Third Amended Complaint into a 41-page (single-spaced) Fourth Amended Complaint. The paragraphs remain, for the most part, unnumbered.[3] The pleading again consists of laundry lists of legal concepts, statutes and Amendments allegedly violated by Defendant FHP (Doc. 127 at 1-2), plus

---

[3]The numbering that is present is not particularly useful, as the numbers tend to restart with each new count. Thus, the Fourth Amended Complaint has numerous paragraphs numbered "1", numerous paragraphs numbered "2", and so on.

randomly interspersed evidence[4] and an impenetrable mass of allegations of misconduct by FHP. Rule 8 and Rule 10 have again been ignored. Told to restrict her pleading to three claims, Bell has instead raised innumerable "counts," some of which appear to assert entirely new claims, such as one for "malicious prosecution" (Doc. 127 at 22) and another for conspiracy to violate 42 U.S.C. §§ 1983 and 1985 (Doc. 127 at 24-25).[5] As was the case with her previous efforts, no defendant can be expected to reply to the Fourth Amended Complaint, and no court can be expected to untangle it.

We are now five years and five pleadings into this case, and if anything we are further away from being able to proceed to discovery than when we started. The Court has made repeated efforts to explain the minimum requirements to Bell, both by pointing out specific items to be fixed and by citing to the Federal Rules with which she must comply in drafting a pleading. Nothing has worked. Despite direct orders, Bell has repeatedly proven unable or unwilling to provide a short and plain statement of her claims or to organize them in anything resembling a comprehensible manner, as required by the Federal Rules of Civil Procedure. After being ordered to remove extraneous material, she instead adds pages and claims while retaining most of the surplusage. The Court concludes that dismissal with prejudice is warranted, both because Bell has

---

[4] For example, at pages 3 through 7, Bell has apparently retyped some sort of intake form, perhaps from the EEOC, and some sort of notice she apparently received from the FHP regarding her impending dismissal.

[5] In her response to the most recent motion to dismiss, Bell admits that her pleading contains more than three claims. (Doc. 133 at 3).

demonstrated that she cannot state a claim and as a sanction for repeatedly failing to abide by the orders of this Court.[6]

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 129) filed by Defendant Florida Highway Patrol is **GRANTED**, and the Fourth Amended Complaint (Doc. 127) is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment in favor of Defendant Florida Highway Patrol and against Bell, and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 22, 2010.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[6]To the extent such a finding is not obvious in light of the foregoing, the Court finds that no lesser sanction will suffice in this matter. *See Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1340 (11th Cir. 2005).