UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RENEE BELL,**

   **Plaintiff,**

**v.**                   **Case No: 6:05-cv-1806-Orl-31DAB**

**FLORIDA HIGHWAY PATROL and
LARRY COSTANZO,**

   **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 152) filed by Defendant Florida Highway Patrol ("FHP"). The deadline for responding passed on November 29, 2013, but the Plaintiff, Renee Bell ("Bell"), has not filed a response. FHP seeks reconsideration of this Court's order (Doc. 151) of November 6, 2013, granting Bell's motion for leave to file an amended complaint.

### I. Background

On October 20, 2009, this Court dismissed Bell's Third Amended Complaint without prejudice. (Doc. 110). In the order of dismissal, the Court granted Bell leave to file a Fourth Amended Complaint on or before November 9, 2009. (Doc. 110 at 5). In that same order, the Court also instructed Bell as to certain requirements she would have to fulfill to cure the deficiencies that resulted in dismissal of the Third Amended Complaint. (Doc. 110 at 5). On October 27, 2009, Bell filed a Notice of Appeal as to the order dismissing the Third Amended Complaint. (Doc. 118).

On November 9, 2009 – the deadline set for Bell to file a Fourth Amended Complaint – Bell filed a Motion for Clarification (Doc. 125), which the Court construed as a request for an extension of time to file that amended pleading. (Doc. 126 at 2). The Court granted the extension (Doc. 126 at 2), and on December 9, 2009, Bell timely filed her Fourth Amended Complaint (Doc. 127). On July 22, 2010, this Court found that Bell had failed to remedy the shortcomings that had plagued the Third Amended Complaint and, as a result, dismissed the Fourth Amended Complaint, this time with prejudice. (Doc. 135). Subsequently, Bell appealed the dismissal of her Fourth Amended Complaint. (Doc. 137).

On August 18, 2011, the United States Court of Appeals for the Eleventh Circuit found that Bell's act of appealing the order that had dismissed her Third Amended Complaint without prejudice transformed what would otherwise have been a non-final order into one that was both final and appealable. (Doc. 146). Therefore, Bell's October 27, 2009 appeal of the dismissal of her Third Amended Complaint had divested this Court of jurisdiction over the case; accordingly, the Court of Appeals ordered this Court to strike Bell's Fourth Amended Complaint and all orders entered after Bell filed that notice of appeal. This Court struck those documents on August 19, 2011. (Doc. 147).

On March 24, 2012, the Court of Appeals affirmed this Court's dismissal of the Third Amended Complaint. (Doc. 149). The mandate issued on August 16, 2012. (Doc. 149 at 1).

On October 15, 2013, Bell sought leave from this Court to file another amended complaint. (Doc. 150). On November 6, 2012, the Court granted Bell's request (Doc. 151). On November 12, 2013, FHP filed the instant motion, arguing that the Court should reconsider granting Bell's request for leave to amend. (Doc. 152 at 7).

## II.  Analysis

When a district court dismisses a complaint with leave to amend within a certain period, the dismissal order becomes final (and therefore appealable) at the end of the stated period. *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). However, a plaintiff need not wait until the expiration of the stated time to treat the dismissal as final; she may file an appeal prior to the expiration of the stated period. *Id.* "Once the plaintiff chooses to appeal before the expiration of time allowed for amendment, however, the plaintiff waives the right to later amend the complaint, even if the time to amend has not yet expired." *Id.*

The Court was unaware of the *Schuurman* line of cases when it granted Bell's motion for leave to amend; FHP had not filed a response to Bell's motion. Upon consideration of *Schuurman*, the Court finds that its latest granting of leave to amend was not warranted. Bell chose to stand on the Third Amended Complaint and appeal its dismissal, waiving her right to cure its shortcomings by amendment. Now that the appeal has been resolved against her, it would not be proper to permit another amendment of the complaint. The only reason this appeal was permitted was because the dismissal had become final; allowing another amendment of the complaint would effectively render that dismissal non-final again. Federal law disfavors piecemeal appeals. *See, e.g., Switzerland Cheese Ass'n. v. E. Horne's Market, Inc.*, 385 U.S. 23, 24, 87 S.Ct. 193, 195 17 L.Ed.2d 23 (1966). It is conceivable that, under some circumstances, allowing such a post-appeal amendment would be proper. But Bell has not shown that any such circumstances exist here.

Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 152) is **GRANTED**, and this Court's November 6, 2013 order (Doc. 151), granting Bell leave to amend, is **VACATED**. And it is further

**ORDERED** that Bell's October 15, 2013 Motion to Amend (Doc. 150) is **DENIED.** All pending motions are **DENIED AS MOOT**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 11, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party