# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RENEE BELL,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:05-cv-1806-Orl-31DAB**

**FLORIDA HIGHWAY PATROL &**
**LARRY COSTANZO,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 169)**
>
> **FILED:** March 24, 2014
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the District Court certify that the appeal is not taken in good faith.

The case presents with an unusually lengthy and complex history. The pertinent history is set forth in the District Judge's prior Order (Doc. 162):

On October 20, 2009, Bell's Third Amended Complaint was dismissed without prejudice (Doc. 110). In the order of dismissal, the Court granted Bell leave to file a Fourth Amended Complaint on or before November 9, 2009 (Doc. 110 at 5). In that same order, the Court also instructed Bell as

to certain requirements she would have to fulfill to cure the deficiencies that resulted in dismissal of the Third Amended Complaint (Doc. 110 at 5). On October 27, 2009, Bell filed a Notice of Appeal as to the order dismissing the Third Amended Complaint. (Doc. 118).

On November 9, 2009 – the deadline set for Bell to file a Fourth Amended Complaint – Bell filed a Motion for Clarification (Doc. 125), which the Court construed as a request for an extension of time to file that amended pleading. (Doc. 126 at 2). The Court granted the extension (Doc. 126 at 2), and on December 9, 2009, Bell timely filed her Fourth Amended Complaint (Doc. 127). On July 22, 2010, the Court found that Bell had failed to remedy the shortcomings that had plagued the Third Amended Complaint and, as a result, dismissed the Fourth Amended Complaint, this time with prejudice (Doc. 135). Subsequently, Bell appealed the dismissal of her Fourth Amended Complaint. (Doc. 137).

On August 18, 2011, the United States Court of Appeals for the Eleventh Circuit found that Bell's act of appealing the order that had dismissed her Third Amended Complaint without prejudice transformed what would otherwise have been a non-final order into one that was both final and appealable (Doc. 146). Therefore, Bell's October 27, 2009 appeal of the dismissal of her Third Amended Complaint had divested this Court of jurisdiction over the case; accordingly, the Court of Appeals ordered this Court to strike Bell's Fourth Amended Complaint and all orders entered after Bell filed that notice of appeal. This Court struck those documents on August 19, 2011 (Doc. 147).

On March 24, 2012, the Court of Appeals affirmed the dismissal of the Third Amended Complaint (Doc. 149). The mandate issued on August 16, 2012 (Doc. 149 at 1). On October 15, 2013, Bell sought leave from this Court to file another amended complaint (Doc. 150). On November 6, 2012, the Court granted Bell's request (Doc. 151). On November 12, 2013, FHP filed a motion,

arguing that the Court should reconsider granting Bell's request for leave to amend (Doc. 152 at 7). On February 11, 2014, the District Judge granted that motion, vacated the November 6, 2013 Order granting Bell leave to amend, denied Bell's October 15, 2013 Motion to Amend, and closed the file (Doc. 162). Bell filed a Notice of Appeal as to that February 11, 2014 Order (Doc. 167), and now moves for leave to appeal *in forma pauperis.*

Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.*

As the above history illustrates and the District Judge recognized, Bell chose to stand on the Third Amended Complaint and appeal its dismissal, waiving her right to cure its shortcomings by amendment. As the Eleventh Circuit noted in its Opinion, when a complaint is dismissed without prejudice and the plaintiff elects to pursue an appeal rather than amend the complaint, "the order to dismiss without prejudice is considered an adjudication on the merits." (Doc. 149 - citing *Jackson v. Okaloosa County*, 21 F.3d 1531, 1536, n. 4 (11th Cir. 1994).) As that appeal was resolved against her, the case was properly at an end and Bell raises no grounds sufficient to revive this action, and allow additional amendment of the oft-dismissed complaint.

It is therefore **respectfully recommended** that the Court **certify** that the appeal is not taken in good faith. If the Court so certifies in writing, the application should be denied pursuant to 28 U.S.C. § 1915(a)(3).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 25, 2014.

                                                  DAVID A. BAKER
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy